## STATE v. NEAL BROS. HARDWARE, Inc., et al.

### No. 8630.

Court of Civil Appeals of Texas. San Antonio.
June 3, 1931.

Rehearing Denied July 1, 1931.

James V. Allred and Sidney Benbow, both of Austin, and George R. Gillette, of San Antonio, for the State.

Wm. H. Russell, John James, and Leonard Brown, all of San Antonio, for appellees.

COBBS, J.

The state of Texas, appellant, filed this suit against appellee Neal Bros. Hardware, Inc., to forfeit its charter for failure to make due payment of its capital stock, and prayed for judgment against defendant canceling and declaring null and void the charter of the defendant corporation. On November 27, 1929, H. A. Neal and Ira E. Neal filed their answer. On January 3, 1930, Neal Bros. Hardware, Inc., filed its original answer. About eleven months thereafter, H. D. Neal filed a plea in abatement and pleaded in his proper person and as former president of Neal Bros. Hardware, Inc., a private corporation. It presented as grounds: "(1) The alleged voluntary dissolution of defendant corporation, which dissolution was purported to have been effected on November 23, 1929, and after the filing of plaintiff's suit. (2) That on or about December 28, 1928, the corporation, Neal Brothers Hardware, Inc., filed its voluntary petition in bankruptcy in the District Court of the United States; that thereupon said corporation was duly adjudged a bankrupt and by reason thereof the defendant was duly adjudged and ascertained to be insolvent, and, for such reason, was automatically dissolved."

Appellant filed its first amended original petition on December 18, 1930, setting up practically the same allegations as the original petition, but omitting its alternative prayer for mere forfeiture and cancellation, and attached thereto a copy of the charter together with various exhibits and affidavits.

On December 19, 1930, appellees' plea in abatement came on for hearing, and the court sustained the plea and dismissed the suit.

■ It is recited in the judgment that the court heard the matters submitted in connection therewith, and sustained said plea. It will be presumed, in the absence of findings of fact or statement of facts, that the court had properly before it sufficient facts adduced in evidence to sustain the action of the trial court. Such was also submitted in its motion for a new trial and again considered by the court, who overruled the same, conclusively showing sufficient facts were before the trial court to warrant his action.

■ We think all the questions involved in this case are moot. Prior to the time of filing

this suit by the state to forfeit the charter of said company the corporation had voluntarily surrendered to the state its charter, besides the same had also been surrendered in a bankrupt proceeding.

We can see no good reason to continue this case by a reversal, which would mean that it be sent back for another trial for forfeiture, when that has been done voluntarily by the corporation itself, as well as through the bankrupt proceeding. Courts do not do useless things.

The judgment of the trial court is affirmed.